UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                    Plaintiff,

v.                                    5:22-cv-00439-GTS-TWD

MICHAEL RUSSO,

                    Defendant.

---

ROBERT W. JOHNSON,

                    Plaintiff,

v.                                    5:22-cv-00440-GTS-TWD

RUSHLOW ENTERPRISES, INC.,

                    Defendant.

---

ROBERT W. JOHNSON,

                    Plaintiff,

v.                                    5:22-cv-00441-GTS-TWD

MONRO MUFFLER BRAKE & SERVICE,

                    Defendant.

---

ROBERT W. JOHNSON,

                    Plaintiff,

v.                                    5:22-cv-00442-GTS-TWD

ROSETTI,

                    Defendant.

---

ROBERT W. JOHNSON,

                    Plaintiff,

v.                                    5:22-cv-00443-GTS-TWD

UNITED STATES POSTAL SERVICE,

                    Defendant.

---

ROBERT W. JOHNSON,

                    Plaintiff,

v.                                  5:22-cv-00444-GTS-TWD

GIBSON, McASKILL & CROSBY, LLP,

                    Defendant.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                                    Plaintiff,

v.                                                              5:22-cv-00445-GTS-TWD

TRUSTAGE,

                                    Defendant.

ROBERT W. JOHNSON,

                                    Plaintiff,

v.                                                              5:22-cv-00446-GTS-TWD

BOND, SCHOENECK & KING LLC,

                                    Defendant.

ROBERT W. JOHNSON,

                                    Plaintiff,

v.                                                              5:22-cv-00447-GTS-TWD

EMPRO,

                                    Defendant.

ROBERT W. JOHNSON,

                                    Plaintiff,

v.                                                              5:22-cv-00448-GTS-TWD

BITRATEGAMING,

                                    Defendant.

ROBERT W. JOHNSON,

                                    Plaintiff,

v.                                                              5:22-cv-00449-GTS-TWD

NEW YORK STATE DIVISION
OF HUMAN RIGHTS,

                                    Defendant.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                            Plaintiff,

v.                                                      5:22-cv-00450-GTS-TWD

SYNCHRONY BANK,

                            Defendant.

ROBERT W. JOHNSON,

                            Plaintiff,

v.                                                      5:22-cv-00451-GTS-TWD

VERA HOUSE,

                            Defendant.

ROBERT W. JOHNSON,

                            Plaintiff,

v.                                                      5:22-cv-00452-GTS-TWD

BLACK RIVER APARTMENTS,

                            Defendant.

ROBERT W. JOHNSON,

                            Plaintiff,

v.                                                      5:22-cv-00453-GTS-TWD

HUMAN RESOURCES ADMINISTRATION
DEPARTMENT OF HOMELESS SERVICES,

                            Defendant.

ROBERT W. JOHNSON,

                            Plaintiff,

v.                                                      5:22-cv-00454-GTS-TWD

JEFFERSON COUNTY DSS,

                            Defendant.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT W. JOHNSON,

                              Plaintiff,

v.                                                          5:22-cv-00455-GTS-TWD

GIBBS,

                              Defendant.

---

ROBERT W. JOHNSON,

                              Plaintiff,

v.                                                          5:22-cv-00456-GTS-TWD

SCHENECTADY COUNTY EFCU,

                              Defendant.

---

ROBERT W. JOHNSON,

                              Plaintiff,

v.                                                          5:22-cv-00457-GTS-TWD

ESIS, INC.,

                              Defendant.

---

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

Plaintiff Robert W. Johnson ("Plaintiff"), proceeding *pro se*, commenced the nineteen

(19) above-captioned actions on May 5, 2022, and, in lieu of paying the Northern District of

New York's filing fee, seeks leave to proceed *in forma pauperis* ("IFP").[1]

---

[1] Plaintiff is a prolific *pro se* litigator and by Order to Show Cause filed May 6, 2022, Chief United States District Court Judge Glenn T. Suddaby ordered Plaintiff to show cause why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction or "Pre-Filing Order," until that action is closed). *In re: Robert W. Johnson, Respondent*, 22-pf-00003-GTS (N.D.N.Y.) (filed 05/06/22). Between April 26, 2022, and May 5, 2022, a period of only ten (10) days, Plaintiff filed forty-eight (48) *pro se* civil rights actions in this District, including the nineteen (19) actions at bar.

## I.    IFP APPLICATIONS

Plaintiff declares that he is unable to pay the filing fee for the above-captioned actions.[2]
The undersigned has reviewed each of Plaintiff's IFP applications and determines that he
financially qualifies to proceed IFP.  Therefore, Plaintiff's IFP applications are granted.

## II.    STANDARD OF REVIEW

Under Section 1915(e), the Court must dismiss a complaint filed IFP if it determines that
the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;
or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).
The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter
jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these
grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,
72 (2d Cir. 2009), and interpret them to raise the "strongest [claims that they *suggest*,"
*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation
marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v.
Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a
finding of factual frivolousness is appropriate when the facts alleged rise to the level of the
irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous'

---

[2]  To that end, in each application to proceed IFP, Plaintiff declares that he is not incarcerated, he
is not employed, he has no take home wages, he has not received other income in the past twelve
months, he has no money in cash or in checking or savings account, he has no items of value, he
has no expenses, and he has no debts or financial obligations.

when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

Having carefully reviewed the submissions at bar, the Court finds that they consist of purported "appeals" from decisions and/or orders recently issued by the District of Vermont.[3] *See Johnson v. Russo*, 5:22-cv-00439-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00045-WKS from the District of Vermont filed 02/14/22 and *sua sponte* dismissed 04/07/22); *Johnson v. Rushlow Enterprises, Inc.*, 5:22-cv-00440-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00049-WKS from the District of Vermont filed 02/14/22 and *sua sponte* dismissed 04/07/22); *Johnson v. Monro Muffler Brake & Service*, 5:22-cv-00441-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00030-WKS from the District of Vermont filed 02/07/22 and *sua sponte* dismissed 04/07/22); *Johnson v. Rosetti*, 5:22-cv-00442-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00036-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. United States Postal Service*, 5:22-cv-00443-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00042-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/07/22); *Johnson v. Gibson, McAskill & Crosby, LLP*, 5:22-cv-00444-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00039-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/07/22); *Johnson v. Trustage*, 5:22-cv-00445-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of

---

[3]  The Court notes that a review of the District of Vermont's CM/ECF System confirms this fact. Upon review of the underlying actions, William K. Sessions III, United States District Judge for the District of Vermont, warned Plaintiff: "In light of his history of multiplicitous litigation, Mr. Johnson is warned that future frivolous filings with no connection to this District may result in a filing injunction." *See, e.g.*, *Johnson v. Monro Muffler Brake & Service*, 2:22-cv-00032-WKS (D. Vt.) ECF. Dkt. No. 2.  Judge Sessions also certified that "under 28 U.S.C. § 1915(a)(3) any appeal of the dismissal would not be taken in good faith." *Id*.

2:22-cv-00070-WKS from the District of Vermont filed 03/22/22 and *sua sponte* dismissed 04/07/22); *Johnson v. Bond, Schoeneck & King LLC*, 5:22-cv-00446-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00037-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. EmPro*, 5:22-cv-00447-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00033-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. Bitrategaming*, 5:22-cv-00448-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00040-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. New York State Division of Human Rights*, 5:22-cv-00449-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00032-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. Synchrony Bank*, 5:22-cv-00450-GTS-TWD (N.D.N.Y.) (operative pleading consists of IFP application from the District of Vermont re: unassigned case *Johnson v. Synchrony Bank*); *Johnson v. Vera House*, 5:22-cv-00451-GTS-TWD (N.D.N.Y.) (operative pleading consists of IFP application from the District of Vermont re: unassigned case *Johnson v. Vera House*); *Johnson v. Black River Apartments*, 5:22-cv-00452-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00038-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. Human Resources Administration Department of Homeless Services*, 5:22-cv-00453-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00044-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. Jefferson County DSS*, 5:22-cv-00454-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00035-WKS from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v. Gibbs*, 5:22-cv-00455-GTS-TWD (N.D.N.Y.) (operative pleading consists of appeal of 2:22-cv-00043-WKS

from the District of Vermont filed 02/10/22 and *sua sponte* dismissed 04/08/22); *Johnson v.*
*Schenectady County EFCU*, 5:22-cv-00456-GTS-TWD (N.D.N.Y.) (operative pleading consists
of appeal of 2:22-cv-00081-WKS from the District of Vermont filed 04/04/22 and *sua sponte*
dismissed 04/08/22); *Johnson v. ESIS, Inc*, 5:22-cv-0057-GTS-TWD (N.D.N.Y.) (operative
pleading consists of appeal of 2:22-cv-00041-WKS from the District of Vermont filed 02/10/22
and *sua sponte* dismissed 04/08/22).  At the time of filing, Plaintiff was advised of the
impropriety of filing such actions in this District but insisted on doing so anyway.

Plaintiff has an extensive and abusive litigation history, and he is subject to numerous bar
orders/filing injunctions in at least the Southern District of New York, District of Connecticut,
Southern District of Ohio, and Eastern District of Ohio.  *See In re: Robert W. Johnson,*
*Respondent*, 5:22-PF-0003 (GTS), 2022 WL 1443311 (N.D.N.Y.) (filed 05/06/22) (collecting
cases); *see, e.g.*, *Johnson v. Wolf*, 1:19-cv-07337-GHW, Bar Order (S.D.N.Y.) (filed 07/13/20);
*Johnson v. New York Police Dep't*, 1:20-cv-01368-CM, Bar Order (S.D.N.Y.) (filed 08/13/20);
*Johnson v. Town of Onondaga*, 1:19-cv-11128-CM, Bar Order (S.D.N.Y.) (filed 04/01/21);
*Johnson v. Vera House, Inc.*, 3:22-CV-00314-SALM, Bar Order (D. Conn.) (filed 04/13/22);
*Johnson v. Coe*, 2:19-CV-02428-EAS, 2:19-CV-02490-EAS, 2:19-CV-02865-EAS, Bar Order
(S.D. Ohio) (filed 08/5/ 2019); *Johnson v. Abel*, No. 19-CV-2685, Bar Order (E.D. Ohio) (filed
08/05/19) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se*
actions without prior leave of court).

In addition to the foregoing bar orders, Plaintiff has been warned by the District of
Vermont[4] and the Second Circuit that the continued filing of frivolous appeals could result in a
filing injunction.  *See Johnson v. Wolfe*, 19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7,

---

[4]  *See, supra*, note 3 of this Report-Recommendation and Order.

2020) ("Appellant has filed several frivolous matters in this Court, including his appeals docketed under 2d Cir. 19-1688, 19-2174, 19-2235, 19-3657, 19-3889, 19-3891, and 19-4062. Appellant has previously been warned against filing new frivolous appeals.  *See* 2d Cir. 19-4062, doc. 22; 2d Cir. 19-3889, doc. 49.  Accordingly, Appellant is warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction).").

Moreover, in *Johnson v. Vera House*, 3:22-CV-00314-SALM (D. Conn.), *supra*, it was ordered: "If Mr. Johnson files <u>any</u> action in any District Court within the Second Circuit in the future, he must attach a copy of this Order to his Complaint.  The District Courts of the Second Circuit are the District of Connecticut; the District of Vermont; and the Eastern, Northern, Southern, and Western Districts of New York." *Johnson v. Vera House, Inc.*, 3:22-CV-00314-SALM, 2022 WL 829337, at *5 (D. Conn. Mar. 18, 2022) (emphasis in original).  As noted, Plaintiff commenced the nineteen (19) above-captioned actions in this District on May 5, 2022, well after the District of Connecticut's Order and yet Plaintiff failed to attach a copy of same.

Here, Plaintiff's attempt to circumvent the warnings issued by the District of Vermont, District of Connecticut, Southern District of New York, and the Second Circuit by filing the nineteen (19) above-captioned "appeals" IFP in this District is wholly improper and frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).[5]  Accordingly, the undersigned recommends dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

---

[5]  The Court notes that upon initial review, pursuant to 28 U.S.C. § 1915, Judge Sessions found that, in most of the complaints filed in the District of Vermont, Plaintiff failed to include allegations specific to each named defendant and, several of the complaints were also barred by

Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Inasmuch as the problem with Plaintiff's "appeals" are substantive and cannot be cured by a better pleading, the undersigned recommends dismissal without leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Moreover, Plaintiff has a history of filing multiple cases, often making frivolous allegations, that are dismissed at the screening stage. *See Johnson v. Progressive.com*, 2020 WL 589127, at *1 (S.D.N.Y. Feb. 5, 2020) (denying leave to amend "in light of Plaintiff's abusive litigation history"); *Johnson v. Monro Muffler Brake & Service*, 2:22-cv-00032-WKS (D. Vt.) ECF. Dkt. No. 2. (same).

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED** that Plaintiff's motions to proceed IFP are **GRANTED** for purposes of initial review only; and it is further

**RECOMMENDED** that the nineteen (19) above-captioned actions be **DISMISSED WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B), and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

---

sovereign immunity or attempted to state claims against defendants with immunity in cases seeking damages. *See, e.g.*, *Johnson v. United States Postal Office*, 2:22-cv-00042-WKS (D. Vt.) ECF. Dkt. No. 2.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: May 11, 2022
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommend was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

2022 WL 1443311
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

IN RE: Robert W. JOHNSON, Respondent.

5:22-PF-0003 (GTS)
|
Signed 05/06/2022

**Attorneys and Law Firms**

Robert W. Johnson, Watertown, NY, Pro Se.

## ORDER TO SHOW CAUSE

GLENN T. SUDDABY, Chief United States District Judge

**\*1** Recently the undersigned determined that grounds may exist to enjoin Robert W. Johnson ("Respondent") from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). Before imposing such limitations, the court should consider the following:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Here, after carefully reviewing the record, the Court concludes that, unless he shows cause otherwise, Respondent should be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction, until that action is closed).

**\*2** A review of Respondent's litigation history on the District's Case Management / Electronic Case Filing (CM/ECF) System reveals that, between April 26, 2022, and May 5, 2022–a period of only ten (10) days–Respondent filed forty-seven (45) pro se civil rights actions in this District:

| | Case Number | | Date Filed |
|---|---|---|---|
| 1. | 5:22-cv-00463-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 2. | 5:22-cv-00464-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 3. | 5:22-cv-00465-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 4. | 5:22-cv-00466-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 5. | 5:22-cv-00467-MAD-TWD | (N.D.N.Y.) | 04/26/22 |
| 6. | 5:22-cv-00389-GLS-ML | (N.D.N.Y.) | 04/26/22 |

| 7. | 5:22-cv-00396-GLS-ML | (N.D.N.Y.) | 04/28/22 |
| 8. | 5:22-cv-00403-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 9. | 5:22-cv-00404-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 10. | 5:22-cv-00405-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 11. | 5:22-cv-00406-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 12. | 5:22-cv-00407-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 13. | 5:22-cv-00408-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 14. | 5:22-cv-00409-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 15. | 5:22-cv-00410-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 16. | 5:22-cv-00411-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 17. | 5:22-cv-00412-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 18. | 5:22-cv-00413-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 19. | 5:22-cv-00414-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 20. | 5:22-cv-00415-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 21. | 5:22-cv-00416-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 22. | 5:22-cv-00417-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 23. | 5:22-cv-00418-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 24. | 5:22-cv-00419-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 25. | 5:22-cv-00420-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 26. | 5:22-cv-00421-GLS-ML | (N.D.N.Y.) | 05/02/22 |
| 27. | 5:22-cv-00424-GLS-ML | (N.D.N.Y.) | 05/03/22 |
| 28. | 5:22-cv-00425-TJM-ATB | (N.D.N.Y.) | 05/03/22 |
| 29. | 5:22-cv-00426-BKS-ATB | (N.D.N.Y.) | 05/03/22 |
| 30. | 5:22-cv-00439-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 31. | 5:22-cv-00440-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 32. | 5:22-cv-00441-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 33. | 5:22-cv-00442-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 34. | 5:22-cv-00443-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 35. | 5:22-cv-00444-GTS-TWD | (N.D.N.Y.) | 05/05/22 |

| 36. | 5:22-cv-00445-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 37. | 5:22-cv-00447-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 38. | 5:22-cv-00449-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 39. | 5:22-cv-00450-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 40. | 5:22-cv-00451-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 41. | 5:22-cv-00452-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 42. | 5:22-cv-00453-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 43. | 5:22-cv-00454-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 44. | 5:22-cv-00455-GTS-TWD | (N.D.N.Y.) | 05/05/22 |
| 45. | 5:22-cv-00457-GTS-TWD | (N.D.N.Y.) | 05/05/22. [1] |

[1] The Court notes that, before April 27, 2022, Respondent filed two other actions in this District, both of which were sua sponte dismissed. *See Johnson v. Hale*, 9:15-cv-01513-GLS-TWD, Decision and Order (N.D.N.Y. filed 04/25/16); *Johnson v. Fischer*, 1:19-cv-01384-TJM-DJS, Decision and Order (N.D.N.Y. filed 03/23/20).

Even a cursory review of the 16 actions pending before the undersigned (i.e., those whose case numbers are followed by the initials "GTS") reveals that (1) they consist of purported "appeals" from decisions and/or orders recently issued by the United States District Court for the District of Vermont, [2] and (2) Respondent was advised of the impropriety of filing such actions but insisted on doing so anyway. A review of the remaining 29 actions reveals similar cavalier disregard for the Federal Rules of Civil Procedure (including Rules 8, 10 and 12). [3]

[2] The Court notes that a review of the District of Vermont's CM/ECF System confirms this fact. *See* 2:22-cv-00030-WKS (D. Vt.) (filed 02/07/22; sua sponte dismissed 04/07/22); 2:22-cv-00032-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00033-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00035-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00036-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00037-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00038-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00039-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/07/22); 2:22-cv-00040-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00041-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00042-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/07/22); 2:22-cv-00043-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00044-WKS (D. Vt.) (filed 02/10/22; sua sponte dismissed 04/08/22); 2:22-cv-00045-WKS (D. Vt.) (filed 02/14/22; sua sponte dismissed 04/07/22); 2:22-cv-00049-WKS (D. Vt.) (filed 02/14/22; sua sponte dismissed 04/07/22); 2:22-cv-00070-WKS (D. Vt.) (filed 03/22/22; sua sponte dismissed 04/07/22); 2:22-cv-00081-WKS (D. Vt.) (filed 04/04/22; sua sponte dismissed 04/08/22).

[3] *See, e.g.,* 5:22-cv-00463-MAD-TWD(N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00463-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00465-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00466-MAD-TWD (N.D.N.Y.) (operative pleading consists of a two-page motion for default judgment); 5:22-cv-00467-

MAD-TWD (N.D.N.Y.) (operative pleading consists of an "Appeal for Alleged Injunction").

**\*3** Finally, a similar abusive litigation history is revealed by a review of the CM/ECF Systems for the Southern District of New York, [4] the Western District of New York, [5] and (as previously indicated) the District of Vermont. [6] Indeed, the Southern District of New York has at least three times barred Respondent filing pro se civil actions without further leave of the Court. [7]

[4]    *See, e.g.,* 1:19-cv-02902-CM (S.D.N.Y.) (filed 03/29/19; dismissed 05/22/19); 1:19-cv-03345-VEC-RWL (S.D.N.Y.) (filed 04/12/19; dismissed 11/02/20); 1:19-cv-05090-LLS (S.D.N.Y.) (filed 05/29/19; dismissed 06/26/19); 1:19-cv-06272-LLS (S.D.N.Y.) (filed 07/02/19; dismissed 07/15/19); 1:19-cv-07111-CM (S.D.N.Y.) (filed 07/30/19; dismissed 11/25/19); 1:19-cv-07337-GHW (S.D.N.Y.) (filed 08/05/19; dismissed 07/13/20); 1:19-cv-08157-MKV (S.D.N.Y.) (filed 08/30/19; dismissed 01/25/21); 1:19-cv-08249-CM (S.D.N.Y.) (filed 09/03/19; dismissed 01/31/20); 1:19-cv-08508-CM (S.D.N.Y.) (filed 09/10/19; dismissed 11/15/19); 1:19-cv-08662-CM (S.D.N.Y.) (filed 09/18/19; dismissed 11/12/19); 1:19-cv-08832-CM (S.D.N.Y.) (filed 09/20/19; dismissed 12/03/19); 1:19-cv-09336-CM (S.D.N.Y.) (filed 10/07/19; dismissed 11/26/19); 1:19-cv-11127-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/24/20); 1:19-cv-11128-CM (S.D.N.Y.) (filed 12/02/19; dismissed 01/27/20); 1:19-cv-11202-CM (S.D.N.Y.) (filed 12/05/19; dismissed 02/05/20); 1:19-cv-11831-CM (S.D.N.Y.) (filed 12/20/19; dismissed 02/14/20); 1:20-cv-01368-CM (S.D.N.Y.) (filed 02/14/20; dismissed 08/13/20); 1:20-cv-03303-LLS (S.D.N.Y.) (filed 04/23/20; dismissed 05/21/20).

[5]    *See* 1:05-cv-00658-RJA (W.D.N.Y.) (filed 09/16/05; dismissed 07/21/10); 1:14-cv-00355-RJA (W.D.N.Y.) (filed 05/12/14; dismissed 06/03/14); 1:14-cv-0359-RJA (W.D.N.Y.) (filed 05/14/14; dismissed 06/12/17); 1:19-cv-00514-EAW (W.D.N.Y.) (filed 04/01/19; dismissed 01/13/20); 1:19-cv-01288-EAW (W.D.N.Y.) (filed 08/30/19; dismissed 03/29/21); 1:19-cv-01385-JLS (W.D.N.Y.) (filed 09/05/19; dismissed 03/03/21); 1:19-cv-1447-JLS (W.D.N.Y.) (filed 10/30/19; dismissed 08/27/21); 1:19-cv-1475-JLS (W.D.N.Y.) (filed 08/30/19; dismissed 03/03/21); 1:19-cv-1484-JLS (W.D.N.Y.) (filed 08/30/19; dismissed 02/19/21); 1:19-cv-01529-JLS (W.D.N.Y.) (filed 11/12/19; dismissed 08/27/21); 1:20-cv-00269-JLS (W.D.N.Y.) (filed 03/04/20; dismissed 08/28/21); 1:20-cv-00304-JLS (W.D.N.Y.) (filed 03/13/20; dismissed 02/19/21); 1:20-cv-00346-JLS (W.D.N.Y.) (filed 03/23/20; dismissed 12/22/20).

[6]    *See, supra,* note 2 of this Order to Show Cause.

[7]    *See Johnson v. Wolf*, 1:19-cv-07337-GHW, Bar Order (S.D.N.Y. filed 07/13/20); *Johnson v. New York Police Dep't*, 1:20-cv-01368-CM, Bar Order (S.D.N.Y. filed 08/13/20); *Johnson v. Town of Onondaga*, 1:19-cv-11128-CM, Bar Order (S.D.N.Y. filed 04/01/21).

Based on Respondent's abusive litigation history in this Court, the undersigned has difficulty finding that he possessed an objective good-faith expectation of prevailing in any of his actions, which have caused, are causing and/or will cause needless expense to other parties and the Court. Moreover, given that Respondent has been advised of and has disregarded the consequences of such abusiveness, the undersigned finds that other sanctions would be inadequate to protect other parties and the Court.

Notwithstanding the overwhelming support for an anti-filing injunction, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction, until that action is closed).

**\*4 ACCORDINGLY**, it is

**ORDERED** that Respondent shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of

the Chief Judge or his or her designee (except pleadings or documents in an action that is open at the time of the issuance of the Court's anti-filing injunction or "Pre-Filing Order," until that action is closed); [8] and it is further

[8]    In addition, nothing in the injunction would (1) hinder Respondent's ability to defend himself in any criminal action brought against him, or bring a habeas corpus action, or (2) limit his access as a plaintiff to any court other than the United States District Court for the Northern District of New York. However, the injunction would apply to, among other things, continued filings of documents by Respondent as a *pro se* plaintiff in the following actions: (1) an action opened by him in this Court through the filing of a complaint, a motion, an application, or any other means; (2) an action opened by him in another federal district court and transferred to this Court, when that action clearly should have been venued in this District, *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-3 & n.2 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases); and (3) an action opened by him in state court and removed to this Court by any party, when that action was laden with federal claims (especially claims based on grounds

previously trodden by Respondent in this Court, and asserted against defendants who had been previously sued by him in this Court on similar grounds), *see In re: Leon R. Koziol,* 15-AF-0005, Order, at 2-5 & n.3 (N.D.N.Y. filed Dec. 19, 2019) (Suddaby, C.J.) (collecting cases).

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Respondent by certified mail; and it is further

**ORDERED** that <u>Respondent shall no longer email, call or visit the Clerk's Office of the U.S. District Court for the Northern District of New York pro se. To the extent Respondent would like to file something with the U.S. District Court for the Northern District of New York pro se (including his Response to this Order to Show Cause), he must do so by mail.</u>

**All Citations**

Slip Copy, 2022 WL 1443311

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 2544909
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Robert W. JOHNSON, Plaintiff-Appellant,

v.

Catherine O'Hagan WOLFE,
et al., Defendants-Appellees.

19-3891
|
May 7, 2020

**Attorneys and Law Firms**

Robert W. Johnson, Pro Se

S.D.N.Y. – N.Y.C., 19-cv-7337, Woods, J.

Present: Pierre N. Leval, Raymond J. Lohier, Jr., Joseph F. Bianco, Circuit Judges.

**Opinion**

 **\*1** Appellant, pro se, moves for leave to proceed in forma pauperis. Upon due consideration, it is hereby ORDERED that the motion is DENIED and the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e).

Appellant has filed several frivolous matters in this Court, including his appeals docketed under 2d Cir. 19-1688, 19-2174, 19-2235, 19-3657, 19-3889, 19-3891, and 19-4062. Appellant has previously been warned against filing new frivolous appeals. *See* 2d Cir. 19-4062, doc. 22; 2d Cir. 19-3889, doc. 49. Accordingly, Appellant is warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona,* 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie,* 885 F.2d 9, 11 (2d Cir. 1989) (per curiam).

**All Citations**

Not Reported in Fed. Rptr., 2020 WL 2544909

**End of Document** © 2022 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 829337
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

Robert W. JOHNSON

v.

VERA HOUSE, INC. and Marcus of Vera House, Inc.

Civ. No. 3:22CV00314(SALM)
|
Signed 03/18/2022

**Attorneys and Law Firms**

Robert W. Johnson, Watertown, NY, Pro Se.

**ORDER ENJOINING PLAINTIFF FROM FILING FUTURE CIVIL ACTIONS IN THE DISTRICT OF CONNECTICUT WITHOUT LEAVE OF COURT**

SARAH A. L. MERRIAM, UNITED STATES DISTRICT JUDGE

**\*1** Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, has filed 28 actions in the District of Connecticut since **January 19, 2022.** In each case, he has moved to proceed in forma pauperis. See Johnson v. Fensternmaker, et al., 3:22CV00101(SALM) (Jan. 19, 2022); Johnson v. Pathfinder Bank, et al., 3:22CV00109(SALM) (Jan. 20, 2022); Johnson v. Hilton, et al., 3:22CV00110(SALM) (Jan. 20, 2022); Johnson v. Utica National Insurance Group, et al., 3:22CV00124(SALM) (Jan. 21, 2022); Johnson v. Sugerman Law Firm, et al., 3:22CV00126(SALM) (Jan. 21, 2022); Johnson v. Kim, et al., 3:22CV00138(SALM) (Jan. 25, 2022); Johnson v. Brown, et al., 3:22CV00139(SALM) (Jan. 25, 2022); Johnson v. Catalano, 3:22CV00140(SALM) (Jan. 25, 2022); Johnson v. Empower Federal Credit Union, et al. 3:22CV00141(SALM) (Jan. 25, 2022); Johnson v. EMPRO Insurance, et al., 3:22CV00142(SALM) (Jan. 25, 2022); Johnson v. Comfort Inn Hotel, et al., 3:22CV00143(SALM) (Jan. 25, 2022); Johnson v. Watertown Savings Bank, et al., 3:22CV00144(SALM) (Jan. 25, 2022); Johnson v. Chumsky, 3:22CV00145(SALM) (Jan. 25, 2022); Johnson v. Rusin, et al., 3:22CV00146(SALM) (Jan. 25, 2022); Johnson v. Carthage Area Hospital Inc., 3:22CV00154(SALM) (Jan. 27, 2022); Johnson v. Loewenguth, et al., 3:22CV00167(SALM) (Jan. 28, 2022); Johnson v. Michaels & Smolak, P.C.,

3:22CV00188(SALM) (Jan. 31, 2022); Johnson v. New York State, et al., 3:22CV00191(SALM) (Jan. 31, 2022); Johnson v. Kent, et al., 3:22CV00192(SALM) (Jan. 31, 2022); Johnson v. Connell, et al., 3:22CV00207(SALM) (Feb. 7, 2022); Johnson v. McMahon, et al., 3:22CV00230(SALM) (Feb. 9, 2022); Johnson v. Davidson Automotive Group, et al., 3:22CV00231(SALM) (Feb. 9, 2022); Johnson v. New York State Division of Human Rights, et al., 3:22CV00232(SALM) (Feb. 9, 2022); Johnson v. New York State, et al., 3:22CV00233(SALM) (Feb. 9, 2022); Johnson v. Powell, et al., 3:22CV00256(SALM) (Feb. 14, 2022); Johnson v. New York State Insurance Company, 3:22CV00257(SALM) (Feb. 14, 2022); Johnson v. Moschouris, et al., 3:22CV00313(SALM) (Feb. 28, 2022); Johnson v. Vera House, Inc., et al., 3:22CV00314(SALM) (Feb. 28, 2022).

The Court has now issued Initial Review Orders in fourteen of these cases. In each instance, the Court has found that dismissal was required because the Court lacked subject matter jurisdiction over the matter, the Complaint failed to state a claim upon which relief could be granted, or the Complaint failed to comply with the requirements of Rule 8. See Johnson v. Fensternmaker, et al., 3:22CV00101(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. Hilton, et al., 3:22CV00110(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Utica National Insurance Group, et al., 3:22CV00124(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Chumsky, 3:22CV00145(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Rusin, et al., 3:22CV00146(SALM), at Doc. #11 (Feb. 17, 2022); Johnson v. Connell, et al., 3:22CV00207(SALM), at Doc. #7 (Feb. 28, 2022); Johnson v. McMahon, et al., 3:22CV00230(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Davidson Automotive Group, et al., 3:22CV00231(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. New York State Division of Human Rights, et al., 3:22CV00232(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. New York State, et al., 3:22CV00233(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Powell, et al., 3:22CV00256(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. New York State Insurance Company, 3:22CV00257(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Moschouris, et al., 3:22CV00313(SALM), at Doc. #7 (March 18, 2022); Johnson v. Vera House, Inc., et al., 3:22CV00314(SALM), at Doc. #7 (March 18, 2022).

**\*2** The Court has also dismissed another ten of plaintiff's cases due to plaintiff's failure to file a sufficient motion to proceed in forma pauperis, or to pay the filing fee, after

notice from the Court that his initial motion to proceed without payment of fees and costs was insufficient. _See_ Johnson v. Pathfinder Bank, et al., 3:22CV00109(SALM), at Doc. #10 (Feb. 28, 2022); Johnson v. Sugerman Law Firm, et al., 3:22CV00126(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Kim, et al., 3:22CV00138(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Brown, et al., 3:22CV00139(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Catalano, 3:22CV00140(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Empower Federal Credit Union, et al. 3:22CV00141(SALM), at Doc. #8 (Feb. 28, 2022); Johnson v. EMPRO Insurance, et al., 3:22CV00142(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Comfort Inn Hotel, et al., 3:22CV00143(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Watertown Savings Bank, et al., 3:22CV00144(SALM), at Doc. #9 (Feb. 28, 2022); Johnson v. Loewenguth, et al., 3:22CV00167(SALM), at Doc. #9 (Feb. 28, 2022). [1]

[1]    In another four of plaintiff's cases, the Court denied, without prejudice to re-filing, plaintiff's motions for leave to proceed in _forma_ _pauperis_, as insufficient. _See_ Johnson v. Carthage Area Hospital Inc., 22CV00154(SALM), at Doc. #7 (Feb. 17, 2022); Johnson v. Michaels & Smolak, P.C., 22CV00188(SALM), at Doc. #6 (Feb. 17, 2022); Johnson v. New York State, et al., 22CV00191(SALM), at Doc. #6 (Feb. 17, 2022); Johnson v. Kent, et al., 22CV00192(SALM), at Doc. #6 (Feb. 17, 2022). Plaintiff has filed a Notice of Appeal in three of these cases.

On February 17, 2022, the Court issued a Notice to plaintiff in a number of his dismissed cases, cautioning him that he could be subject to an injunction prohibiting him from filing additional cases in this District without approval of the Court, based on his history of filing meritless cases. The Court warned:

> **The Court cautions plaintiff that the repeated filing of cases that lack any arguable legal merit, or fail to state a legitimate claim for relief under federal law, will result in the imposition of sanctions. Specifically, the Court will enter an injunction prohibiting the filing of further**

**cases without advance approval of the Court.**

Johnson v. Fenstermaker, et al., 3:22CV00101(SALM), at Doc. #13 (Feb. 17, 2022); see also Johnson v. Hilton, et al., 3:22CV00110(SALM), at Doc. #12 (Feb 17, 2022); Johnson v. Utica National Insurance Group, et al., 3:22CV00124(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. Chumsky, 3:22CV00145(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. Rusin, et al., 3:22CV00146(SALM), at Doc. #12 (Feb. 17, 2022); Johnson v. McMahon, et al., 3:22CV00230(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. Davidson Automotive Group, et al., 3:22CV00231(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. New York State Division of Human Rights, et al., 3:22CV00232(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. New York State, et al., 3:22CV00233(SALM), at Doc. #8 (Feb. 17, 2022); Johnson v. Powell, et al., 3:22CV00256(SALM), at Doc. #8 (Feb. 17, 2022).

As the Court observed in the Notice, plaintiff is a resident of New York. His claims to date have primarily been brought against other parties in New York, relating to events that appear to have occurred in New York. There does not appear to be any arguable connection to the District of Connecticut. Plaintiff may be filing in alternative districts -- including, but not by any means limited to, the District of Connecticut -- because he has been barred from filing in the Southern District of New York. _See_ Johnson v. Town of Onondaga, No. 1:19CV11128(CM), at Doc. #7 (S.D.N.Y. Apr. 1, 2021).

In addition to the Notice issued by this Court in February, plaintiff has been previously warned by a number of courts against filing frivolous matters. _See_, _e.g._, Johnson v. Wolfe, No. 19-3891, 2020 WL 2544909, at *1 (2d Cir. May 7, 2020) (cautioning plaintiff that the continued filing of frivolous appeals could result in a filing injunction); Johnson v. Coe, Nos. 2:19CV02428(EAS), 2:19CV02490(EAS), 2:19CV02865(EAS), 2019 WL 3543542, at *4 (S.D. Ohio Aug. 5, 2019) (order declaring plaintiff a "vexatious litigator" and imposing a filing injunction).

**\*3**    After the Court issued its Notice, plaintiff filed a number of appeals, as well as two additional civil matters in this Court. _See_ Johnson v. Moschouris, et al., 3:22CV00313(SALM) (Feb. 28, 2022); Johnson v. Vera House, Inc., et al., 3:22CV00314(SALM) (Feb. 28, 2022) Each of those two new matters, like the 26 that came before them, fails to state a

claim, and does not satisfy Rule 8. One matter also lacks any arguable basis for subject matter jurisdiction.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984). "The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996).

> [A] district court, in determining whether or not to restrict a litigant's future access to the courts, should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

Despite ample notice that the filing of frivolous actions will not be permitted, plaintiff has not been deterred. The Court therefore considers, in light of the Safir factors, whether an injunction barring plaintiff from filing further actions without leave of the Court is appropriate.

The first factor weighs strongly in favor of an injunction. Johnson has filed 28 cases in this District. Each of these cases,

except the handful of cases that were appealed before the entry of a dismissal order, was dismissed either as a result of defects in the application to proceed in forma pauperis, or at the Initial Review stage, as lacking merit. A review of the national PACER Case Locator reveals that plaintiff has also filed at least 100 cases across the country in the past several years, including 15 cases in the District of Vermont in the month of February 2022, and at least eight in the District of New Jersey this year. As previously noted, other courts have been forced to limit plaintiff's access because of his abuse of the system.

The second factor likewise weighs strongly in favor of a filing injunction. Plaintiff cannot have an "objective good faith expectation of prevailing[.]" Safir, 792 F.2d at 24. In the Initial Review Orders in plaintiff's prior cases, the Court articulated the defects in plaintiff's complaints and the requirements for pleading in federal court. For example, the Court has previously instructed plaintiff that a complaint must contain sufficient information to put a defendant on notice of the claims against him. The Court has informed plaintiff that a complaint must allege concrete harm, and that this Court will dismiss frivolous suits. The Court has also informed plaintiff that any complaint must comply with the requirements of Rule 8. Despite these prior orders, plaintiff continues to file facially defective pleadings. Accordingly, the Court concludes that plaintiff does not have an objective good faith expectation of prevailing on his claims.

**\*4** The third factor, whether plaintiff is represented by counsel, weighs against an injunction, because plaintiff is self-represented.

The fourth factor, "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel[,]" Safir, 792 F.2d at 24, weighs strongly in favor of an injunction. While this Court has addressed all of plaintiff's claims at the initial review stage, such that no defendant has been required to appear and answer his complaints, the same has not always been true in other courts. See, e.g., Johnson v. Adams No. 19-4061 (2d Cir. Dec. 6, 2019); Johnson v. Performant Recovery, Inc., et al., No. 4:19CV05789(SBA) (N.D. Cal. Sept. 16, 2019); Johnson v. Performant Recovery, Inc., et al., No. 20-15022 (9th Cir. Jan 7, 2020). Thus, plaintiff has caused "needless expense" to other parties. Safir, 792 F.2d at 24.

Moreover, even here in the District of Connecticut, where defendants have not been required to respond because the

complaints were dismissed at the Initial Review stage or for failure to pay the required filing fee, plaintiff has undoubtedly "posed an unnecessary burden on the courts and their personnel[.]" Id.

Finally, the fifth factor weighs in favor of an injunction because "other sanctions would be [in]adequate to protect the courts and other parties." Safir, 792 F.2d at 24. Plaintiff claims to be indigent; although he spends a great deal of money on postage for his court filings, he claims to have no source of financial support and no expenses. Thus, financial sanctions would be meaningless and unenforceable. Plaintiff has been undeterred by the prior orders of this and other courts. No amount of explanation has affected plaintiff's determination to continue asserting meritless claims. See Johnson v. Adams, No. 19-4061, 2020 WL 2968458, at *1 (2d Cir. May 7, 2020) ("Appellant has filed several frivolous matters in this Court[.] Appellant has previously been warned against filing new frivolous appeals. Accordingly, Appellant is warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary sanction and a sanction that would require Appellant to obtain permission from this Court prior to filing any further submissions in this Court[.]" (citations omitted)); Johnson v. New York State Ins. Fund, No. 19CV11831(CM), 2020 WL 764036, at *2 (S.D.N.Y. Feb. 14, 2020) (noting plaintiff's "pattern of vexatious and frivolous litigation[,]" and the prior orders entered in the Southern District of New York which "directed Plaintiff to show cause why a filing injunction should not be imposed[ ]"); Johnson v. May, No. 1:19CV01390(JBM) (TSH), at Doc. #4 at 7 (C.D. Ill. Dec. 9, 2019) ("Plaintiff is cautioned that there must be a basis in law and fact for each of his claims as well as a basis to allege those claims against the named defendants. If there is no basis for a claim or a basis to allege a claim against any particular defendant, Plaintiff may be sanctioned."). The Court therefore finds that no sanctions short of a filing injunction would be effective. Cf. United States v. McLaughlin, No. 3:17CR00129(MPS), 2019 WL 5538112, at *3 (D. Conn. Oct. 25, 2019); Miller v. Stallworth, No. 3:19CV00484(CSH), 2019 WL 3080913, at *2 (D. Conn. Jul. 15, 2019); Tibbetts v. Stempel, No. 3:97CV02561(CFD), 2005 WL 2146079, at *8 (D. Conn. Aug. 31, 2005), aff'd sub nom., Tibbetts v. Dittes, 167 F. App'x 851 (2d Cir. 2006); In re Martin-Trigona, 592 F. Supp. 1566, 1569-70 (D. Conn. 1984), aff'd, 763 F.2d 140 (2d Cir. 1985).

**\*5 THEREFORE**, the Court hereby imposes the following **PERMANENT INJUNCTION** as against plaintiff Robert W. Johnson:

Robert W. Johnson is hereby permanently enjoined from bringing any future case as a self-represented plaintiff in the District of Connecticut without leave of the Court.

To seek leave of the Court to file a new action in this District, Mr. Johnson shall file a motion of no more than three pages captioned "Application Pursuant to Court Order Seeking Leave to File." He shall attach to this motion as "Exhibit 1" the proposed Complaint he seeks to file. He shall attach as "Exhibit 2" to the motion a copy of this Order.

The Clerk of the Court shall not file any future submission from Mr. Johnson of any kind, with the sole exception of a Notice of Appeal from this Order, without the approval of the assigned judge. If Mr. Johnson files any submission, the Clerk shall provide the submission to the assigned judge to determine whether it complies with this Order.

If Mr. Johnson files any action in any District Court within the Second Circuit in the future, he must attach a copy of this Order to his Complaint. The District Courts of the Second Circuit are the District of Connecticut; the District of Vermont; and the Eastern, Northern, Southern, and Western Districts of New York.

Failure to comply with this Order will be sufficient grounds for this Court to deny any motion by Mr. Johnson for leave to file.

Nothing in this Order shall be construed as having any effect on Mr. Johnson's ability to defend himself in any criminal or civil action brought against him. Nothing in this Order shall be construed as denying Mr. Johnson access to the courts through the filing of a petition for a writ of habeas corpus or other extraordinary writ. Nothing in this Order shall be construed as denying Mr. Johnson access to the United States Courts of Appeals. Nothing in this Order shall be construed as affecting any pending action previously brought by Mr. Johnson in any forum.

It is so ordered this 18th day of March, 2022, at New Haven, Connecticut.

**All Citations**

Slip Copy, 2022 WL 829337

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

---

Case 5:22-cv-00443-GTS-TWD   Document 4   Filed 05/11/22   Page 23 of 24

Johnson v. Progressive.com, Not Reported in Fed. Supp. (2020)

2020 WL 589127

2020 WL 589127
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Robert W. JOHNSON, Plaintiff,

v.

PROGRESSIVE.COM, et al., Defendants.

19-CV-11202 (CM)
|
Signed 02/05/2020

**Attorneys and Law Firms**

Robert W. Johnson, Bronx, NY, pro se.

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

*1 Plaintiff Robert W. Johnson, of the Bronx, New York, filed this complaint *pro se* and *in forma pauperis* (IFP). The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.

1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ...; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND AND DISCUSSION**

Plaintiff filed this complaint against multiple insurance companies and other entities, including Progressive, Axxcess Insurance Agencies Ltd., New York Automobile Insurance Plan, Global Liberty Insurance Company, Arizona Premium Finance, Chevrolet, ADESA, Nationwide, Victoria Fire & Casualty Company, Allstate, Geico, and AAA. Plaintiff seeks "$999 trillion" in punitive damages, "$999 billion for future pain and suffering," and "100% ownership of corporation assets, bank accounts & equities." The complaint contains no facts.

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, and in light of Plaintiff's abusive litigation history, discussed below, the Court declines to grant Plaintiff leave to amend.

Plaintiff has filed scores of cases around the country in connection with a 2017 car accident in Buffalo, New York, and this complaint is consistent with his pattern of vexatious and frivolous litigation. In *Johnson v. Wolf*, ECF 1:19-CV-7337, 5 (S.D.N.Y. Nov. 5, 2019), Judge Wood, after discussing Plaintiff's extensive litigation history, dismissed Plaintiff's action as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against Defendants who are immune from such relief; he also ordered Plaintiff to show cause why he should not be barred from filing any future action IFP in this Court without prior permission). Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, Plaintiff filed a notice of appeal, and that appeal is pending. [1]

1    A review of the Public Access to Court Electronic Records (PACER) system reveals that since November 5, 2019, Plaintiff has filed ten new actions in other federal district courts and, including this case, four new actions in this Court. *See Johnson v. New York State Ins. Fund*, ECF 1:19-CV-11831, 2 (S.D.N.Y. filed Dec. 20. 2019); *Johnson v. Progressive.com*, ECF 1:19-CV-11202, 2 (S.D.N.Y. filed Dec. 5, 2019); *Johnson v. New York State Dep't of Trans.*, ECF 1:19-CV-11127, 2 (S.D.N.Y. filed Dec. 2, 2019).

**\*2**  By order dated January 27, 2020, entered in *Johnson v. Town of Onondaga*, ECF 1:19-CV-11128, 4 (CM) (S.D.N.Y. Jan. 27, 2020), this Court also directed Plaintiff to show cause why a filing injunction should not be imposed. And at least one other court has already barred Plaintiff from filing *pro se* complaints without prior permission. *See Johnson v. Abel*, No. 19-CV-2685 (E.D. Ohio Aug. 5, 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new *pro se* actions without prior leave of court).

The Court's prior warnings remain in effect.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 589127

---

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.